**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TYRONE JAMES DAVIS, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-463** |
| **MICHAEL TREGE, ET AL.** | **SECTION: "P" (5)** |

**ORDER AND REASONS**

Before the Court is the Report and Recommendation of United States Magistrate Judge Michael B. North.[1] The Report and Recommendation addresses three motions that were filed in the above-captioned matter: [1] the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim and Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction filed by Defendants Michael Tregre, Sheriff of St. John the Baptist Parish, Deputy Lionel Luchion, and Deputy Daniel Reed;[2] [2] the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim filed by Defendant Deputy Bobby Bradberry;[3] and [3] the Motion for Plaintiff to Reply to Defendants' Answer Pursuant to Fed. R. Civ. P. 7(a) filed by Defendants Deputy Lionel Luchion, and Deputy Daniel Reed.[4]

*Pro se* Plaintiff Tyrone James Davis, III filed this action against Sheriff Tregre in his official capacity and Deputies Bradberry, Luchion, and Reed ("Deputy Defendants") in their individual and official capacities.[5] Davis brings claims against the Deputy Defendants under 42 U.S.C. § 1983 based on allegations that the Deputy Defendants violated Davis's Fourth Amendment rights by subjecting Davis to excessive force, unlawful search and seizure, and

[1] R. Doc. 21.
[2] R. Doc. 7.
[3] R. Doc. 14.
[4] R. Doc. 9.
[5] R. Doc. 1-1.

wrongful arrest during a pretextual and illegitimate traffic stop. Davis also claims the Deputy Defendants violated his Fourteenth Amendment right to substantive due process based on the same conduct. Davis asserts a *Monell* claim against Sheriff Tregre for failure to adequately train and supervise his deputies. And, lastly, Davis asserts a claim for intentional infliction of emotional distress against all Defendants. Davis seeks compensatory and punitive damages, as well as injunctive relief requiring Sheriff Tregre to implement and enforce certain policies and procedures to prevent future constitutional violations. In addition to the factual allegations, Davis's Complaint includes several attachments, one of which is a video recording of the incident that Davis took on his cell phone.[6]

After considering the arguments in Defendants' motions, the allegations in Davis's Complaint and the contents of the Complaint's attachments, as well as the applicable law, the Magistrate Judge recommended that Defendants' motions to dismiss (R. Docs. 7 and 14) should be granted in part and that the motion for Plaintiff to reply to Defendants' Answer (R. Doc. 9) should be denied as premature.[7] With respect to the motions to dismiss, the Magistrate Judge recommended the following: Davis's claims against the Deputy Defendants in their official capacities should be dismissed *with* prejudice; Davis's claims against the Deputy Defendants for violations of Davis's Fourteenth Amendment right to substantive due process should be dismissed *with* prejudice; Davis's claims against the Deputy Defendants for false arrest should be dismissed *without* prejudice; Davis's claims against the Deputy Defendants for unlawful search and seizure should be dismissed *without* prejudice; Davis's claim against Sheriff Tregre for *Monell* liability should be dismissed *without* prejudice; Davis's claim for injunctive relief should be dismissed *without* prejudice; and that Davis should be given 30 days to file an Amended Complaint to cure

[6] R. Doc. 1-7 (referencing flash drive); R. Doc. 2 (docket entry reflecting manual attachment to Complaint received).
[7] R. Doc. 21 at 26–27.

the inadequacies in his current Complaint with respect to the claims being dismissed *without* prejudice. Because no Defendant addressed Davis's excessive force claim or his state-law claim for intentional infliction of emotional distress, the Magistrate Judge recommended that those claims should remain.

Davis filed an Objection to the Report and Recommendation,[8] and Defendants filed a Reply to Davis's Objection.[9] Davis's Objection begins with a section titled "Partial Agreement and Intent to Amend," wherein Davis states that he partially agrees with certain recommendations by the Magistrate Judge and intends to file an amended complaint to (1) expand upon the *Monell* claim with greater specificity regarding the pattern of unconstitutional conduct, including a newly documented second incident involving Davis and other officers, resulting again in dismissed charges under similar circumstances, and (2) refine the false arrest allegations with additional details, legal citations, and factual assertions supported by newly obtained evidence, including full dash cam and body cam footage. Davis then proceeds to make several objections to the Report and Recommendation.

First, Davis argues that the Magistrate Judge erred in dismissing his false arrest claim because the Magistrate Judge misapplied the law in finding that there was probable cause to arrest Davis. Relying on the video footage from Davis's cellphone, the Magistrate Judge concluded there was probable cause to arrest Davis for violating La. R.S. § 14:108(B)(1)(f), which provides, in relevant part, that a person commits the offense of resisting an officer by "[f]ail[ing] to *provide or display* the person's state issued driver's license or identification *on the officer's request* when the person is an operator of a motor vehicle, the person has been lawfully detained for an alleged violation of a law, and the officer has exhausted all resources at his disposal to verify the identity

[8] R. Doc. 22.
[9] R. Doc. 25.

of the person."[10] Davis contends the statute requires him to "provide or display" his identification, not both, and Davis argues that because the video recording shows that he displayed his identification, he complied with the law and, thus, there was no probable cause to arrest him. Davis's argument fails because Davis ignores the clause in the statute that says "on the officer's request," and the video footage from Davis's cell phone shows that Deputy Bradberry did not merely request Davis to display his identification; he asked Davis, repeatedly, to physically provide it to him. By failing to do so, Davis gave the officers probable cause to arrest him for violating La. R.S. § 14:108(B)(1)(f).

Next, Davis argues that newly obtained "dash cam and body cam" footage, which he has attached to his Objection, confirm there was no probable cause to arrest him. But the motions that are currently pending and presently before the Court challenge the sufficiency of the claims pleaded in Davis's Complaint. In considering a motion to dismiss for failure to state a claim, the Court is limited to the contents of the Complaint and the attachments thereto.[11] Thus, the Court may not consider this new video evidence in determining, at this stage and based on the current Complaint, whether Davis has adequately pleaded a claim for false arrest. Nevertheless, Davis may do as he has stated he intends to and file an amended complaint to refine his false arrest allegations with additional details based on this newly obtained evidence.[12]

Next, Davis argues that the Magistrate Judge erred because there is no qualified immunity for knowingly unlawful arrests and use of excessive force. But the Magistrate Judge's Report and Recommendation does not contain any finding or recommendation regarding qualified

[10] La. R.S. § 14:108(B)(1)(f) (emphasis added).
[11] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[12] R. Doc. 22 at 1.

immunity.[13] Accordingly, Davis's "argument" is simply a statement of law, and there is no objection to the Report and Recommendation for this Court to resolve.

Next, Davis argues that the Magistrate Judge recommended dismissal of the *Monell* claim for lack of repeated incidents but that this position is no longer tenable because while this case was pending Davis was involved in a second, nearly identical incident with a sergeant and two deputies of the St. John the Baptist Sheriff's Office. This argument fails at this stage for the same reason as Davis's argument regarding the newly obtained video evidence—Davis's Complaint did not contain any allegations regarding this second incident, and thus the Court may not consider these new allegations to determine whether Davis has adequately pleaded a *Monell* claim. Instead, and again, Davis may do as he has stated he intends to and file an amended complaint to expand upon the *Monell* claim with greater specificity regarding the pattern of unconstitutional conduct, including this newly documented second incident.[14]

Lastly, Davis asks the Court to supplement the record with the newly obtained body cam and dash cam footage pursuant to Fed. R. Civ. P. 72(b)(3). Under this Rule, in resolving objections to the Magistrate Judge's Report and Recommendation, the Court may "receive further evidence." But on a Rule 12(b)(6) motion, the Court's review is generally limited to the pleadings and the attachments thereto.[15] Because this new evidence was not attached to Davis's pleading (his Complaint), and because the evidence does not fall within any other exception upon which the Court could consider evidence outside of the Complaint at this stage,[16] the Court may not receive and consider this new video evidence in resolving Davis's objections.

---

[13] *See* R. Doc. 21 at 11 n.4 ("Given this Court's recommendation that Plaintiff be allowed 30 days within which to amend his Complaint, the Court does not address the Deputy Defendants' qualified immunity argument at this time.").
[14] R. Doc. 22 at 1.
[15] *Brand Coupon Network, L.L.C.*, 748 F.3d at 635.
[16] *See, e.g.*, *id.* ("The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.").

For these reasons, Davis's objections to the Magistrate Judge's Report and Recommendation are overruled. The Court will adopt the Magistrate Judge's recommended disposition, and dismiss *with* prejudice Davis's claims against the Deputy Defendants in their official capacities and for violations of his right to due process under the Fourteenth Amendment. The Court will dismiss *without* prejudice the following claims: Davis's claims against the Deputy Defendants for false arrest under the Fourth Amendment; Davis's claims against the Deputy Defendants for unlawful search and seizure under the Fourth Amendment; Davis's claim against Sheriff Tregre under *Monell*; and Davis's claim for injunctive relief. Davis will be granted 30 days, or until September 30, 2026, to file an amended complaint to cure the insufficiencies in his pleading as to these claims that are being dismissed without prejudice. Failure to file an amended complaint by the deadline will result in dismissal with prejudice of these claims. Davis's claims against the Deputy Defendants for excessive force under the Fourth Amendment and his claim against all Defendants for intentional infliction of emotional distress remain pending at this time.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (R. Doc. 21) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim and Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction filed by Defendants Michael Tregre, Sheriff of St. John the Baptist Parish, Deputy Lionel Luchion, and Deputy Daniel Reed (R. Doc. 7) is **GRANTED IN PART**, as set forth herein.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim filed by Defendant Deputy Bobby Bradberry (R. Doc. 14) is **GRANTED IN PART**, as set forth herein.

**IT IS FURTHER ORDERED** that the Motion for Plaintiff to Reply to Defendants' Answer Pursuant to Fed. R. Civ. P. 7(a) filed by Defendants Deputy Lionel Luchion, and Deputy Daniel Reed is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED WITH PREJUDICE**: (1) Davis's claims against Bradberry, Luchion, and Reed in their official capacities, and (2) Davis's claims against Bradberry, Luchion, and Reed for violations of Davis's Fourteenth Amendment right to due process.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED WITHOUT PREJUDICE**, and Davis shall have 30 days, or until September 30, 2026 to file an amended complaint to cure the insufficiencies in his pleading as to these claims: (1) Davis's claims against Bradberry, Luchion, and Reed for false arrest under the Fourth Amendment; (2) Davis's claims against Bradberry, Luchion, and Reed for unlawful search and seizure under the Fourth Amendment; (3) Davis's claim against Sheriff Tregre under *Monell*; and (4) Davis's claim for injunctive relief.

**IT IS FURTHER ORDERED** that if Davis fails to file an amended complaint by the September 30, 2026 deadline set forth herein, then claims in the above paragraph will be dismissed *with* prejudice.

New Orleans, Louisiana, this 31st day of August 2026.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**